

# THE ATTORNEY GENERAL

## OF TEXAS

### AUSTIN 11, TEXAS

JOHN BEN SHEPPERD
ATTORNEY GENERAL

This Opinion
Modifies Opinion
≠ V-1496

January 20, 1953.

Hon. Robert S. Calvert                    Opinion No. S-02
Comptroller of Public Accounts
Austin, Texas                             Re: Legality of refunding mo-
                                              tor fuel tax payments to
                                              persons supplying sand,
                                              gravel, and ready mixed
                                              concrete to highway con-
                                              struction contractors, in
                                              reconsideration of Opinion
Dear Mr. Calvert:                             No. V-1496.

      Your request for a reconsideration of Opinion No.
V-1496 (1952) reads in part as follows:

      "On August 7, 1952, you rendered the above
numbered opinion in response to our request re-
garding the legality of refunding motor fuel taxes
to persons supplying sand, gravel and ready mixed
concrete to highway construction contractors who
are paid for such construction and maintenance
work from State funds to which motor fuel tax col-
lections are allocated.

      "For ready reference we quoted from Section
13(b), Article 7065b, Vernon's Annotated Civil Stat-
utes, as follows:

      'Provided, however, no tax refund shall
be paid to any person on motor fuel used in
any construction or maintenance work which
is paid for from any State funds to which mo-
tor fuel tax collections are allocated or which
is paid jointly from any such State funds and
Federal funds.'

      "After a rather comprehensive survey and analy-
sis of the business operations of persons engaged in
the business of processing sand and gravel and ready
mixed concrete, we are forced to the conclusion that
the facts submitted to you in our original request were
somewhat inconsistent with the factual conditions that
actually exist.

"We shall, therefore, appreciate it if you will reconsider the opinion request in connection with the following fact conditions which we have now found to exist generally.

"--1. Persons engaged in sand and gravel and in ready mixed concrete business usually process large stock piles of crushed rock, gravel and sand as their stock in trade, which materials are thereafter sold and offered for sale in their natural state or mixed according to specifications in any quantities desired to the general public for use in the construction of buildings, foundations, dams, terraces, floorings, sidewalks, streets, roads and highways.

"The refund motor fuel consumed in machinery and equipment used in crushing, screening, mixing, moving and handling such materials off the highway is generally consumed before the materials are sold and as a rule refund claims are filed before the materials are sold.

"The processors of such materials usually sell a part of such materials ranging from small quantities to a substantial part of their output, to contractors who purchase and use the materials in constructing and maintaining highway projects in which the contractors are paid for such work from State funds to which motor fuel tax collections are allocated, but in our survey we were unable to find any case in which the sand, gravel and concrete suppliers participated in the actual construction work. They merely sell and deliver the materials and dump it at the places on the highway project designated by the contractors.

"Prior to your opinion this department had paid tax refunds to sand, gravel and ready mixed concrete suppliers on motor fuel used off the highway in the processing, mixing and handling of such materials on the premise that such suppliers are merely sellers of the materials and that motor fuel used in processing materials to be thereafter sold or delivered to highway contractors for use in construction and maintenance work by said contractors would not constitute use of motor fuel in construction and maintenance work as contemplated by the law.

"--2. The only exception to the methods of supplying materials from stockpiles, as described above is as follows:

"On some rare occasions a contractor engaged in the construction of highway projects paid for from State funds containing motor fuel tax collections will lease gravel pits or deposits from land owners, and will thereafter contract with a rock and gravel processor to move his rock crushing and loading machinery to the pit to crush and load such products. In this case the rock and gravel processor does not sell the product to the highway contractor, he merely crushes and prepares the rock and gravel for the contractor for which he is paid a fixed price per square yard of crushed rock and gravel prepared. The only claim filed under these circumstances is being held in suspense pending your study of the question.

"Will you please advise this department whether or not, under the new and corrected set of facts submitted herein, the Comptroller may pay tax refunds on motor fuel used off the highway in processing rock, sand, and gravel and ready mixed concrete which is thereafter sold and delivered by the processors to highway contractors who pay them for the materials so purchased out of funds received by the contractor from State funds to which motor fuel tax collections have been allocated?

"Will you likewise advise us whether the Comptroller is precluded by law from paying a tax refund to a rock and gravel crusher who is paid by a highway contractor on a yardage basis for crushing rock and gravel for him to be used by said contractor in the construction of a highway project for which the contractor is paid out of a state fund to which motor fuel tax collections are allocated?"

It is our opinion under the facts presented herein that processors using motor fuel in processing and delivering rock, gravel, sand and ready mixed concrete to highway contractors and rock and gravel crushers paid on a yardage basis by highway contractors are engaged in preparing, selling and furnishing materials and are not engaged in construction or maintenance

work within the meaning of Section 13 (b) of Article 7065b, V.C.S. You are therefore respectfully advised that such processors and rock crushers are entitled to a refund of the tax on motor fuel used or consumed in such operations provided that the requirements of the refund section are met.

It should be pointed out that a claimant for a tax refund has the burden of satisfactorily showing that the motor fuel was not used by him in highway construction or maintenance work as a contractor or subcontractor while fulfilling or carrying out a highway construction contract within the provisions of Section 13 (b) of Article 7065b. Att'y Gen. Op. V-1379 (1951).

Attorney General's Opinion V-1496 (1952) is reconsidered in view of the additional facts submitted and is hereby modified to conform to the holding in this opinion.

## SUMMARY

Persons using motor fuel in processing and furnishing sand, gravel and ready mixed concrete to highway contractors and rock and gravel crushers paid on a yardage basis by highway contractors are not engaged in construction or maintenance work under the provisions of Section 13 (b) of Article 7065b, V.C.S., and are entitled to a refund of the motor fuel taxes. Att'y Gen. Op. V-1496 (1952) reconsidered and modified.

Yours very truly,

JOHN BEN SHEPPERD
Attorney General

APPROVED:

C. K. Richards
Reviewing Assistant

By W. V. Geppert

Robert S. Trotti
First Assistant

W. V. Geppert
Assistant

WVG:cm